IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-20,734-02




EX PARTE NATHANIEL LEWIS HUBERT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W86-97846-I-B 
IN THE CRIMINAL DISTRICT COURT NO. 2 
FROM DALLAS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful delivery
of less than 28 grams of cocaine and was placed on deferred adjudication community supervision
for five years. On July 7, 1988, the trial court adjudicated him guilty and sentenced him to ninety-nine years’ imprisonment. 
            This Court withdrew its 1994 decision on this writ, reconsidered the case on our own motion,
and remanded it to the trial court for findings of fact and conclusions of law addressing Applicant’s
contention that Judge Larry Baraka prejudged his punishment. Ex parte Hubert, No. WR-20,734-02
(Tex. Crim. App. Sep. 11, 2013) (unpublished). The trial court then determined it could not make
findings responsive to the order because the District Clerk could not locate the appropriate records
and the court reporter who transcribed the proceedings was deceased.
            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Brown, 158
S.W.3d 449, 453-54 (Tex. Crim. App. 2005). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order the original trial judge to
respond to Applicant’s claims. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law addressing Applicant’s
claim that his due process rights were violated. The trial court shall make specific findings as to
whether it was the former trial judge’s usual course of conduct to threaten deferred adjudication
candidates with 99-year or life sentences upon adjudication, and then to follow through on the
promised sentence after adjudication. The trial court shall address the credibility of Applicant’s
allegations and any responses to those allegations. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 
Filed:  May 21, 2014
Do not publish